USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    5/5/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

MAMADOU HAIDARA,

         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO SPECIFIC
PROPERTY/
MONEY JUDGMENT

24 Cr. 85 (AT)

WHEREAS, on or about February 15, 2025, MAMADOU HAIDARA (the "Defendant"), along with co-defendant Abdulai Fofanah, was charged in a three-count Indictment, 24 Cr. 85 (AT) (the "Indictment"), with conspiracy to export and possess stolen motor vehicles, in violation of Title 18, United States Code, Section 371 (Count One); exportation of stolen motor vehicles, in violation of Title 18, United States Code, Sections 553(a) and 2 (Count Two); and possession of stolen motor vehicles, in violation of Title 18, United States Code, Sections 2313 and 2 (Count Three);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code Section 982(a)(5), of any and all property, real or personal, which represents or is traceable to the gross proceeds obtained, directly or in directly, from the commission of the offenses charged in Counts One through Three of the Indictment, including but not limited to the sum of money in United States currency representing the amount of gross proceeds traceable to the commission of the offenses charged in Counts One through Three of the Indictment;

WHEREAS, on or about January 27, 2025, the Defendant pled guilty to Count Two of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count Two of the Indictment and agreed to

forfeiture to the United States pursuant to Title 18, United States Code, Section 982, Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461;

WHEREAS, the Government seized 22 vehicles related to the offense charged in Count One of the Indictment and the Government has returned 20 of these vehicles to the victims of Count One of the Indictment (the "Vehicles");

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $1,602,420 in United States currency, representing the amount of proceeds traceable to the offense charged in Count Two of the Indictment, for which the Defendant is jointly and severally liable with co-defendant Abdulai Fofanah (the "Co-defendant") and the forfeiture money judgment that was entered against the Co-defendant in this case;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the following property, as property traceable to the gross proceeds obtained, directly or in directly, from the commission of the offense charged in Count Two of the Indictment:

    a. A black 2021 BMW X6 affixed with VIN 5UXCY6C03M9E15790; and

    b. A gray 2020 Honda Odyssey affixed with VIN 5FNRL6H23LB062702.

(a. and b., together, the "Specific Property");

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count Two of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its

possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Connie Dang, of counsel, and the Defendant and his counsel, Carla Sanderson, Esq., that:

1.    As a result of the offense charged in Count Two of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $1,602,420 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count Two of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with the Co-defendant and the extent forfeiture money judgment has been entered against the Co-defendant in this case, shall be entered against the Defendant.

2.    As a result of the offense charged in Count Two of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant MAMADOU HAIDARA, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.    All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to United States Customs and Border Protection, and delivered by mail to the United States Attorney's Office, Southern District of New

York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5.      United States Customs and Border Protection shall be authorized to deposit the payment on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.      Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Customs and Border Protection, or its designee the Office of Fines, Penalties, and Forfeiture, is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances

of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.      Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11.     Upon entry of a Final Order of Forfeiture as to the Specific Property, and with the understanding that the Vehicles have been returned to the victims, the Government agrees the Money Judgment will be fully satisfied.

12.     Subject to the paragraph above, pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

13.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

14.    The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

15.    The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York


By:    /s/ Connie Dang                         5/4/2026
       Connie Dang                             DATE
       Assistant United States Attorney
       26 Federal Plaza
       New York, NY 10278
       (212) 637-2543


MAMADOU HAIDARA

By:    _____              5/4/26
       Mamadou Haidara                         DATE

By:    _____              5/4/26
       Carla Sanderson, Esq.                   DATE
       Attorney for Defendant
       260 Madison Avenue
       New York, NY 10016


SO ORDERED:

                                              5/4/2026

_____
HONORABLE ANALISA TORRES                       DATE
UNITED STATES DISTRICT JUDGE